UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE RENEE CROSBY,<br><br>    Plaintiff,<br><br>v.<br><br>CANDICE SUE BEADZ; CASEY U. ROBINSON; and GOODING SHERIFF'S DEPARTMENT,<br><br>    Defendants. | Case No. 1:23-cv-00300-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Nicole Renee Crosby's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Crosby's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Crosby's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court DENIES Crosby's Application to proceed in forma pauperis, DISMISSES WITHOUT PREJUDICE the Complaint, and grants Crosby an opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Crosby's application to proceed in forma pauperis and finds that it does not establish her indigence because her application is unintelligible. On its face, it is impossible to determine what Crosby's monthly income and expenses are. All that is somewhat comprehensible is Crosby's claims of owning $450,000 in assets and being owed 12 million dollars from others. Dkt. 1, at 4. Approving this application would require the Court to make numerous unsupported assumptions, which the Court will not do. Therefore, Crosby has not sufficiently proven her indigence under 28 U.S.C. § 1915 and may not proceed without the prepayment of the requisite filing fees; however, the Court will allow Crosby to refile an application to proceed in forma pauperis. If she chooses to refile, Crosby must demonstrate her indigence with a greater level of clarity and particularity.

### III. SUFFICIENCY OF COMPLAINT

Regardless of any potential indigent status, the Court must dismiss the Complaint

due to Crosby's failure to allege a valid cause of action. The Court will, nonetheless, grant Crosby an opportunity to amend her Complaint.

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiffs' complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court finds two fatal issues with Crosby's complaint. First, Crosby fails to state a claim upon which relief can be granted. In her Complaint, Crosby provides no federal law through which she could recover for her injuries. Dkt. 2, at 3. Without a viable legal standard, there is no legal remedy for Crosby's injuries, and Crosby has not shown a plausible claim for relief.

Second, Crosby fails to establish jurisdiction with this Court. This Court is a court

of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). Here, Crosby has failed to establish jurisdiction through federal question by failing to specify any federal law under which she could potentially recover. Dkt. 2, at 3. Federal diversity jurisdiction requires that the plaintiff and the defendant be citizens of different states. 28 U.S.C. § 1332(a)(1). As Crosby reports that both she and Defendants are residents of Idaho (Dkt. 2, at 1–2), there is no diversity of citizenship to establish federal jurisdiction. Thus, Crosby has not properly shown that this Court has jurisdiction over her claim.

In order for her lawsuit to proceed, Crosby must amend her Complaint. If amending a complaint would remedy its deficiencies, then courts should provide a plaintiff an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Because Crosby may be able to state a claim upon which relief can be granted, the Court will allow her an opportunity to amend her Complaint.

## IV. CONCLUSION

As Crosby's application lacks sufficient clarity and particularity to determine her indigence, the Court will permit Crosby to refile her application to proceed in forma pauperis. Additionally, upon review, the Court finds that Crosby has not established jurisdiction in this Court nor stated any plausible claims for relief. Therefore, to proceed with her lawsuit in this Court, Crosby must amend her Complaint.

## V. ORDER

IT IS HEREBY ORDERED:

1. Crosby's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED. However, Crosby may refile the application with more clarity and particularity as to her financial situation in order to establish indigent status.

2. Crosby's Complaint (Dkt. 2) is deficient as it fails to establish federal jurisdiction and fails to state any claims upon which relief can be granted. Her Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Crosby leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Crosby must file her Amended Complaint within sixty (60) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: August 7, 2023

_____
David C. Nye
Chief U.S. District Court Judge